IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRELL JOHNSON,

   Petitioner,

v.                                          Civil Action No.: GJH-20-359

WARDEN BELL,

   Respondent.

**MEMORANDUM OPINION**

In response to the above-entitled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Respondent moves to dismiss the petition or, in the alternative, for summary judgment. ECF No. 4. Petitioner Terrell Johnson opposes the motion. ECF Nos. 7 & 8. No hearing is necessary for the determination of the matters pending. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Respondent's motion shall be granted and the petition shall be dismissed.

**Background**

Petitioner, who is incarcerated in Federal Correctional Institution (FCI) Cumberland, claims that the Federal Bureau of Prisons ("BOP") is not correctly crediting his sentence with time he served in pre-trial custody from October 12, 2017 through July 5, 2018. ECF No. 1 at 2-3. He states he was arrested on his "current charge" on October 12, 2017 in Washington D.C. *Id*. at 1. He explains that he was on probation at the time of his arrest, but his probation was never revoked. *Id*. at 2. Petitioner concludes that because his probation was not revoked he was only held in custody on his current case during the time he spent in the D.C. jail (October 12, 2017 to July 5, 2018). *Id*.

Respondent states that Petitioner has already received credit for the time he spent incarcerated from October 12, 2017 to July 5, 2018. ECF No. 4-1. Respondent explains that on May 8, 2017, the Superior Court for the District of Columbia sentenced Petitioner to a suspended sentence of 300 days and two years of supervised probation on charges of unlawful entry, violation of a temporary protection order, destruction of property less than $200 and misdemeanor contempt in case number 2016-DVM-002045. ECF No. 4-2 at 2-3, ¶ 3 (Declaration of Deborah Colson); and 6-7 (DC Dept. of Corrections Computation sheet).

On October 12, 2017, the D.C. Metro Police arrested Petitioner on charges of burglary and theft, case number 2017-CF3-017546. ECF No. 4-2 at 3, ¶ 4.

On March 20, 2018, the Superior Court revoked Petitioner's probation in case number 2016-DVM-002045 and sentenced him to serve the 300-day suspended sentence. ECF No. 4-2 at 3, ¶ 5. The court gave Petitioner credit for December 20, 2016; August 29, 2017 through September 19, 2017 (22 days); and from October 30, 2017 through March 19, 2018 (141 days). *Id*., *see also* ECF No. 4-2 at 6 (indicating 164 days of jail credit given).

On June 7, 2018, the Superior Court sentenced Petitioner to serve 40 months in case number 2017-CF3-017546. ECF No. 4-2 at 3, ¶ 6. Petitioner began serving this sentence on July 6, 2018, the day after his 300-day sentence expired, and he is currently in BOP custody for service of this sentence. *Id*. at ¶ 7. Petitioner was given pre-trial credit against his 40-month sentence from the date of his arrest, October 12, 2017, through October 29, 2017. *Id*. at ¶ 8. Petitioner began receiving credit for his 300-day sentence on October 30, 2017, therefore he did not receive additional pre-trial credit against his 40-month sentence after October 29, 2017. *Id*., *see also* ECF No. 4-2 at 14.

In his Opposition Response Petitioner takes issue with the time he spent incarcerated from October 12, 2017, the date of his arrest, through March 19, 2018, the day before his probation was revoked, because during that time he was only being held in custody awaiting trial for his felony case for which he received the 40-month sentence. ECF No. 8 at 2. He argues that he should not have been given credit for that time against his 300-day sentence; rather, he should have received credit for that time against his 40-month sentence since that was the only reason he was in custody during that time period. *Id*.

## Discussion

It is the responsibility of the United States Attorney General, the Department of Justice and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. *See* 18 U.S.C. § 3624, *see also Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir.1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir.1979). Calculation of a federal sentence is governed by 18 U.S.C. § 3585 which provides that:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has **not been credited against another sentence**.

*Id*. (emphasis supplied). The authority to calculate a federal prisoner's sentence and to determine the credit for time served resides with the Attorney General who exercises that authority through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-5 (1992) (District Court does not have the authority to determine credits when imposing a sentence).

Turning to Petitioner's case, the period of time from October 12, 2017 through March 29, 2018, was credited toward his 300-day sentence imposed as a result of his violation of probation. His assertion that this period should only be credited against his 40-month sentence is without any basis in the law. Accordingly, the petition must be dismissed.

A separate Order follows.


_12/4/2020_____  
Date

____/s/_____  
GEORGE J. HAZEL  
United States District Judge